UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEW ERA CAP COMPANY, INC.,

                                    *Plaintiff*,　　　　　　　**COMPLAINT**

vs.　　　　　　　　　　　　　　　　　　　　　　Civ. No.

PRINZ ENTERPRISES LLC and
ERICK B. PRINZ
                                    *Defendants*.
_____

Plaintiff New Era Cap Company, Inc. ("New Era"), by its attorneys Phillips Lytle LLP, for its complaint against defendants Prinz Enterprises LLC ("Prinz Enterprises") and Erick B. Prinz ("Prinz") (collectively, the "Defendants"), alleges as follows:

### INTRODUCTION

1.      This is an action for a declaratory judgment that United States Patent No. D505,776, entitled "Area Code Cap", which issued on June 7, 2005 ("the '776 Patent") is invalid, void, unenforceable and not infringed by New Era, either directly or as an inducing or contributory infringer.  A copy of the '776 Patent is attached at Exhibit A.

### THE PARTIES

2.      New Era is a New York corporation with its principal place of business at 8061 Erie Road, Derby, New York 14047.

3.      Upon information and belief, Prinz Enterprises is a New York limited liability company having an office at 56 Bloomingdale Road, Hicksville, New York.

4.      Upon information and belief, Prinz is an individual having a residence at 395 Main Street, Route 25A, Cold Spring Harbor, New York.

## JURISDICTION AND VENUE

5. A case or actual controversy now exists between the parties, within the meaning of 28 U.S.C. § 2201, as to whether commercialization in the United States (*i.e.*, manufacture, use, sale or offer-to-sell) by New Era of certain caps infringes any valid claim of the '776 Patent.

6. This Court has personal jurisdiction over each of the Defendants.

7. Jurisdiction over the subject matter is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

8. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, this is a District in which a substantial part of the events giving rise to the claims occurred and/or Defendants reside in this District.

## FACTS

9. New Era designs, manufacturers and sells baseball caps throughout the United States and the world.

10. On May 17, 2006, Defendants' counsel sent a letter to New Era claiming that certain of New Era's caps infringed the '776 Patent. The May 17, 2006 letter expressly threatened legal action if New Era did not cease and desist from producing, selling, marketing, advertising or distributing any and all caps bearing an area code and city name. A copy of the May 17, 2006 letter is attached at Exhibit B.

11. On June 8, 2006, Defendants' counsel sent a second letter to New Era in which Defendants expressly threatens to file a motion seeking an injunction against New Era. A copy of the June 8, 2006 letter is attached at Exhibit C.

12. Prinz is the sole named inventor on the '776 Patent.

13. Upon information and belief, Prinz Enterprises is owned or controlled, in whole

or in part, by Prinz.

14.     While Prinz Enterprises implies that it owns the '776 Patent or has the right to sue for infringement of the '776 Patent, no assignment of the '776 Patent from Prinz to Prinz Enterprises has been recorded in the U.S. Patent and Trademark Office.

15.     The May 17, 2006 and June 8, 2006 letters place New Era in reasonable fear and apprehension that Defendants will commerce an action against New Era for, *inter alia*, patent infringement.

## COUNT I
(Declaratory Relief: Non-Infringement)

16.     New Era realleges paragraphs 1 through 15 above as if fully set forth herein.

17.     As a result of Defendants' conduct, New Era has a reasonable apprehension that Defendants plan to file suit against New Era for infringement of the '776 Patent and that such suit is imminent. Accordingly, there exists an actual, justiciable and legal controversy between New Era and Defendants regarding New Era's alleged infringement of the '776 Patent.

18.     New Era has not directly infringed, induced the infringement of nor been a contributory infringer of the '776 Patent.

19.     New Era is, therefore, entitled to a judicial determination and declaration that its caps do not infringe, and have not infringed, any valid claim of the '776 Patent, and that New Era has not committed any act of infringement of the '776 Patent with respect to caps made or sold by New Era since issuance of the '776 Patent.

## COUNT II
(Declaratory Relief: Invalidity)

20.     New Era realleges paragraphs 1 through 19 above as if fully set forth herein.

21.     As a result of Defendants' conduct, New Era has a reasonable apprehension that

Defendants plan to file suit against New Era for infringement of the '776 Patent and that such suit is imminent. Accordingly, there exists an actual, justiciable and legal controversy between New Era and Defendants regarding the validity of the '776 Patent.

22. The '776 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, particularly 35 U.S.C. §§ 102, 103 and/or 112.

23. The '776 Patent is unenforceable because Defendants have misused such patent and have unlawfully attempted to extend the scope of their alleged patent rights under the '776 Patent.

24. New Era is, therefore, entitled to a judgment declaring that the '776 Patent is invalid, void and unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, New Era requests that the Court enter judgment in its favor and against Defendants as follows:

A. Declaring that the '776 Patent is invalid, void and unenforceable;

B. Declaring that New Era and New Era's products do not infringe, and have not infringed, any claim of the '776 Patent;

C. Declaring that New Era has not committed any act of infringement of the '776 Patent;

D. Enjoining Defendants, their officers, agents, employees, representatives, counsel and all parties acting in concert with them, permanently and during the pendency of this action, from directly or indirectly asserting or charging infringement of the '776 Patent against New Era, it representatives, agents, customers and contractors, present and prospective;

  E. Declaring this an exceptional case, under 35 U.S.C. § 285, and rendering an award to New Era of its reasonable attorneys' fees, expenses and costs in this action; and

  F. Granting New Era such other and further relief as this Court deems just and proper.

DATED: June 14, 2006.    PHILLIPS LYTLE LLP


            By   /s/ Rowland Richards
              Michael J. Berchou
              Rowland Richards
            Attorneys for New Era Cap Company, Inc.
            3400 HSBC Center
            Buffalo, New York  14203
            Telephone No.:  (716) 847-8400


BFLO Doc. # 1577395.2

Exhibit A


US00D505776S

(12) **United States Design Patent**  (10) Patent No.:     **US D505,776 S**
Prinz                                    (45) **Date of Patent:** ** **Jun. 7, 2005**

(54) **AREA CODE CAP**

(76) Inventor: **Erick B. Prinz**, 395 Main St. Rt 25A, Cold Spring Harbor, NY (US) 11724

(**) Term: **14 Years**

(21) Appl. No.: **29/187,057**

(22) Filed: **Jul. 25, 2003**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 29/171,949, filed on Dec. 3, 2002, now Pat. No. Des. 487,329.

(51) LOC (8) Cl. .................................................. **02-03**
(52) U.S. Cl. ........................................ **D2/880**; D2/884
(58) Field of Search ........................ D2/865, 866, 872, D2/874, 877, 879, 880, 881, 882, 884, 893; 2/171, 181, 175.1, 195.1, 195.2, 195.6, 209.12, 209.13, 417; 40/329

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 799,997 | A | * | 9/1905 | MacLellan | 40/329 |
| 929,240 | A | * | 7/1909 | Novoson | 40/329 |
| 4,406,040 | A | * | 9/1983 | Cannone | 2/209.13 |
| 5,584,076 | A | * | 12/1996 | Armstrong | 2/195.2 |
| 5,894,604 | A | * | 4/1999 | Crabb et al. | 2/209.13 |
| 5,933,869 | A | * | 8/1999 | Allen | 2/195.1 |
| 5,933,871 | A | * | 8/1999 | Kraft | 2/209.13 |
| 6,237,155 | B1 | * | 5/2001 | Seegar | 2/175.1 |
| 6,272,689 | B1 | * | 8/2001 | Kronenberger | 2/195.1 |
| 6,363,537 | B1 | * | 4/2002 | Park | 2/181 |
| 6,370,696 | B1 | * | 4/2002 | Kronenberger | 2/195.1 |
| 6,694,526 | B1 | * | 2/2004 | Tate | 2/209.12 |
| D487,329 | S | * | 3/2004 | Prinz | D2/882 |

* cited by examiner

*Primary Examiner*—Stacia Cadmus
*Assistant Examiner*—Mimosa De
(74) *Attorney, Agent, or Firm*—Collard & Roe, P.C.

(57) **CLAIM**

The ornamental design for area code cap, as shown and described.

**DESCRIPTION**

FIG. 1 shows a front view of my design for a area code cap according to the invention;
FIG. 2 shows an enlarged rear view thereof, with the strap loosened;
FIG. 3 shows a right side view thereof;
FIG. 4 shows a left side view thereof, with the strap tightened; and,
FIG. 5 shows a top view thereof.
The bottom of the cap forms no part of the claimed invention.

**1 Claim, 3 Drawing Sheets**




**U.S. Patent**  Jun. 7, 2005  Sheet 1 of 3  US D505,776 S



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5

Exhibit B

# LAW OFFICES OF RONALD S. ZIMMER
6080 JERICHO TURNPIKE, SUITE 319
COMMACK, NEW YORK 11725

TELEPHONE: (631) 470-4872
FACSIMILE (631) 499-1549

ANA M. MURILLO
LEGAL ASSISTANT

ENCASNITA RIVERA
COMMUNITY RELATIONS

TODD J. ZIMMER, ESQ.
GACOVINO, LAKE & ASSOC., P.C.
OF COUNSEL

NASSAU OFFICE:
200 OLD COUNTRY ROAD
SUITE 590
MINEOLA, NEW YORK 11507

REPLY TO: COMMACK

EMAIL ADDRESS
INFO@ZIMMERLAW.ORG

May 17, 2006

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
New Era Cap Company, Inc.
P.O. Box 208
8061 Erie Road
Derby, New York 14047
Att: Legal Department

Re: **Notice of Impending Litigation**
Subject: **Area Code Caps**

Dear Sir/Madam:

This office has been retained by Prinz Enterprises, LLC with respect to the above-referenced matter. We have been advised that your company, New Era Inc., produces and markets baseball style caps with area code and city name.

This intellectual property is patented under U.S. Patent No.: US D505,776 S as of June 7, 2005. Enclosed please find a copy of the patent information. We request that your company cease and desist from producing, selling, marketing, advertising, web promoting, and/or distribution any and all caps bearing area code and city name. Any and all inventory already distributed to existing resellers should be returned to your company immediately.

Further patent infringement will result in an immediate request for judicial intervention, including but not limited to an injunction, damages and counsel fees.

Notwithstanding the above, my client is willing to resolve this matter amicably without taking such drastic measures. I would encourage you to contact the undersigned within ten (10) business days.

With professional respect, I remain,

Very truly yours,

Ronald S. Zimmer

RSZ/am
Enclosures
cc: Prinz Enterprises, LLC

Exhibit C

# LAW OFFICES OF RONALD S. ZIMMER
6080 JERICHO TURNPIKE, SUITE 319
COMMACK, NEW YORK 11725

TELEPHONE: (631) 470-4872
FACSIMILE (631) 499-1549

ANA M. MURILLO
LEGAL ASSISTANT

ENCASNITA RIVERA
COMMUNITY RELATIONS

TODD J. ZIMMER, ESQ.
GACOVINO, LAKE & ASSOC., P.C.
OF COUNSEL

NASSAU OFFICE:
200 OLD COUNTRY ROAD
SUITE 590
MINEOLA, NEW YORK 11507

REPLY TO: COMMACK

EMAIL ADDRESS
INFO@ZIMMERLAW.ORG

June 8, 2006

New Era Cap Company, Inc.
P.O. Box 208
8061 Erie Road
Derby, New York 14047
Att: Legal Department

Re: **Prinz Enterprises, LLC v. New Era Cap Company, Inc.**
**Subject: Injunction**

Dear Sir/Madam:

We have not yet heard from you regarding our previous letter addressing your companies' alleged patent infringement.

We are in the process of preparing a motion papers requesting judicial intervention including an injunction against your company along with counsel fees and all related costs. Should we not hear from you with respect to this matter we will file our papers in court.

We urge you to contact this office to discuss an amicable resolution to this matter. Again, we would like to stress that we are making a good faith attempt at resolving this matter without the use of the Court system.

Please guide yourself accordingly.

Very truly yours,

Ronald S. Zimmer

RSZ/am
Enclosures
cc: Prinz Enterprises, LLC